Albert Anderson, Respondent, *v.* The Rome, Watertown and Ogdensburgh Railroad Company, Appellant.

The declarations of an agent, in order to bind his principal, must be made, not only during the continuance of the agency, but at the very time of the transaction in question, and so forming part of the *res gestæ.*

Any illegal evidence received under objection, having a tendency to excite the passions, arouse the prejudices, awaken the sympathies, or warp or influence the judgment of jurors in any degree, cannot be considered harmless, and so the error be disregarded upon appeal.

Illegal evidence cannot be said to be entirely harmless where the party objecting to it is obliged to call a witness to explain or contradict it.

In an action to recover damages for injuries resulting from an accident

upon defendant's road, which was occasioned by a defective rail, the pieces of the broken rail were produced by defendant. Plaintiff was allowed to prove declarations of an employe of defendant, having supervision of its track, made six months after the accident, in substance, that he discovered a flaw in the end of the rail, and so hid the pieces at the time of the accident. *Held,* error; that the declarations of the agent made so long after the accident were inadmissible; and even if made at the time, they were immaterial and incompetent, and might have prejudiced the jury.

Defendant subsequently called the employe, whose declarations had been proved, who testified, in substance, that he hid the pieces so that no one could find them; and that he did so of his own motion, without being directed so to do by any one. *Held,* that this did not cure the error in receiving the declarations.

Where a new trial is asked as a matter of favor, or rests in the discretion of the court, a condition may be imposed upon granting it; but where a party asks it as a matter of right, because some legal error was committed, this court has no discretion to grant or withhold it; but, finding error, is bound to reverse the judgment and grant a new trial, and cannot impose a condition thereon.

(Argued March 22, 1873; decided June term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of the plaintiff entered upon a verdict.

This action was brought to recover damages for personal injuries received by the plaintiff while a passenger on the defendant's road. It appeared that, on the morning of January 24th, 1870, a train of cars was passing on defendant's road, eastwardly, towards Philadelphia, in Jefferson county; that, when the train arrived near Philadelphia station, three cars were thrown from the track, and the rear passenger car, in which plaintiff was seated, was thrown down an embankment, rolling over, and the plaintiff received very serious injuries, from which he will never recover. After the accident it was discovered that the cars were thrown from the track in consequence of the breaking of a rail. Upon examination an old crack, or flaw, was found in the end of the rail where it had broken away. The crack commenced in the end of the rail, about equidistant from the top and bottom, and ran into the rail, horizon-

tally, some five or six inches, extending through from side to side, and at the innermost extremity forked both upward and downward, leaving but about an inch of sound iron to hold the pieces above and below the crack to the body of the rail. From this crack the rust was oozing and running down the lower half of the rail. The interior surface of the crack had a worn appearance, and its mouth was battered and bright. The flaw could be seen by a person standing between the rails, and here the rail gave way.

The plaintiff gave evidence tending to show that this defect was discoverable, and claimed that the defendant ought to have discovered it, and replaced the rail by another before the accident, and that, for not doing so, it was guilty of negligence. The plaintiff also claimed, and gave some evidence tending to show, that the ties under the rail were defective. The defendant claimed, and gave evidence tending to show, that the ties were not defective; and that it had used the requisite care and given the requisite attention to discover defects in the rail, and was not guilty of negligence in not discovering them. The defendant produced the broken pieces of rail at the trial. There were several exceptions to the rulings of the judge during the progress of the trial, which appear in the opinion.

*Francis Kernan* for the appellant. The court erred in receiving evidence, as to the quality of the iron, from the witness, Essington, who was not an expert. (*Morehouse* v. *Matthews*, 2 Comst., 514, 516; *Dervitt* v. *Burby*, 5 Seld., 375; *Curtiss* v. *Gano*, 26 N. Y., 426.) The court erred in receiving in evidence the statements made to physicians by plaintiff, who were called to see him a short time prior to the trial for the purpose of giving testimony. (*Caldwell* v. *Murphy*, 11 N. Y., 416; 1 Cow. & H.'s Notes, 587, note 447; *Wereby* v. *Persons*, 28 N. Y., 344.) The statements made by Sullivan, in July, to the witness, Hagan, were mere hearsay, and not competent evidence against the defendant. (*Paige* v. *Cagwin*, 7 Hill, 361, 368, 369, and cases cited;

1 Phil. Ev., 97, 98 ; 1 Cow. & H.'s Notes, 177–179, note 180 ; *Worrall* v. *Parmelee*, 1 N. Y., 519, 521.)

*Edwin R. James* for the respondent. Negligence is a question for the jury. (*Ireland* v. *O. R. R. Co.*, 13 N. Y., 533 ; *Ernst* v. *H. R. R. Co.*, 35 id., 9 ; *Sheridan* v. *B. and N. R. R. Co.*, 36 id., 39 ; *Keller* v. *N. Y. C. R. R. Co.*, 24 How., 172 ; *Warden* v. *Ansted*, 51 Barb., 9.) The verdict must be entirely against the weight of evidence to justify an appellate tribunal in setting it aside. (*House* v. *Hammond*, 39 Barb., 96 ; *Comrs., etc.*, v. *Backus*, 29 How. Pr., 33 ; *Murphy* v. *Boker*, 3 Robt., 1 ; *Fleming* v. *Smith*, 44 Barb., 554 ; *Edgerton* v. *N. Y. and H. R. R. Co.*, 39 N. Y., 229 ; *Curtis* v. *R. and S. R. R. Co.*, 18 id., 534.) Courts will refuse to set aside a verdict on the grounds of excessive damages, unless it shows that the jury was actuated by serious mistake, passion, partiality, prejudice or corruption. (*Coleman* v. *Southwick*, 9 J. R., 45 ; *Clapp* v. *H. R. R. Co.*, 19 Barb., *Curtis* v. *R. and S. R. R. Co.*, 20 id., 282 ; 3 Gra. & Wat. on N. T., 1134, etc. ; *Ransom* v. *N. Y. and E. R. R. Co.*, 15 N. Y., 415 ; *Shaw* v. *B. and W. R. R. Co.*, 8 Gray, 45 ; *Caldwell* v. *N. J. Stbt. Co.*, 56 Barb., 425 ; *Dike* v. *Erie R. Co.*, 45 N. Y., 113.) Rulings on the trial which ought not or cannot work an injury to the party excepting, should be disregarded on appeal, even if erroneous. (*Page* v. *Ellsworth*, 44 Barb., 636 ; *Forrest* v. *Forrest*, 25 N. Y., 501–510 ; *People* v. *Gonzales*, 35 id., 59, 60 ; *Vandervoort* v. *Gould*, 36 id., 644.) It was proper to receive plaintiff's evidence as to the value of his yearly earnings, and from that to estimate the value of his time. (Shear. & Redf. on Neg., 663 ; *McIntyre* v. *N. Y. C. R. R. Co.*, 37 N. Y., 290.) It was proper to receive evidence as to what income, besides his earnings, plaintiff had. (*Caldwell* v. *Murphy*, 11 N. Y., 418.) The evidence of Essington, as to the quality of the iron of the broken rail, was competent. (*Moore* v. *Westervelt*, 27 N. Y., 234 ; *Wiggins* v. *Wallace*, 19 Barb., 338 ; *Smith* v. *Gugerty*, 4 id., 340 ; *Harpending* v. *Shoemaker*, 37 id., 270 ; *De Witt* v. *Barley*,

17 N. Y., 340.)   The evidence of the attending physician, as to the probability of plaintiff's recovery, was competent. (*Buell* v. *N. Y. C. R. R. Co.*, 31 N. Y., 320; *Matteson* v. *N. Y. C. R. R. Co.*, 35 id., 487; *Anthony* v. *Smith*, 4 Bosw., 503.)   Plaintiff's complaints of pain and suffering to the physician who examined him after the suit was commenced, were competent evidence. (*Matteson* v. *N. Y. C. R. R. Co.*, 35 N. Y., 491; *Brown* v. *N. Y. C. R. R. Co.*, 32 id., 598; *Werely* v. *Persons*, 28 id., 344; *Caldwell* v. *Murphy*, 11 id., 416; 1 Duer, 283; 1 Greenl. Ev., § 102.)   The admission of the statement of Sullivan to Hagan, in regard to hiding the pieces of the broken rail, in evidence, was not a ground for a new trial, as the same thing was proved on Sullivan's direct examination. (*People* v. *Gonzales*, 35 N. Y., 59, 60; *Vandervoort* v. *Gould*, 36 id., 644; *Brown* v. *N. Y. C. R. R. Co.*, 32 id., 603; *Forrest* v. *Forrest*, 25 id., 501, 510; *People* v. *Waterford Co.*, 2 Keyes, 336; *Page* v. *Ellsworth*, 44 Barb., 636; *Murray* v. *Smith*, 1 Duer, 412.)   This evidence was competent. (*McCotter* v. *Hooker*, 8 N. Y., 497; *Fleming* v. *Smith*, 44 Barb., 544; *Curtis* v. *R. R. Co.*, 49 id., 148.)   It is not for a judge in his charge to intimate an opinion on a question of fact, if the determination of the question is left by him to the jury. (*Althorf* v. *Wolf*, 2 Hilt., 344; affirmed 22 N. Y., 355; *Winne* v. *McDonald*, 39 id., 239; *Graham* v. *Canam*, 2 Cai., 168; *Durkee* v. *Marshall*, 7 Wend., 312; *Gardner* v. *Picket*, 19 id., 186; *Lansing* v. *Russell*, 13 Barb., *McLanahan* v. *Universal Ins. Co.*, 1 Pet., 170; *Tracy* v. *Swartwout*, 10 id., 80; *Gaines* v. *Dunn*, 14 id., 322; *Bruce* v. *Westervelt*, 2 E. D. S., 440; *Hunt* v. *Burritt*, 4 id., 647; affirmed 19 N. Y., 173.)   The submission of special questions to the jury to be answered by them, in addition to a general verdict, is entirely a matter of discretion with the court. (Code, §§ 261, 262; *Moss* v. *Priest*, 1 Robt., 632; *Thompson* v. *Button*, 14 J. R., 84.)   The general verdict will not be prejudiced by the submission of questions which cannot influence the decision of the jury upon the main question. (*Forrest* v. *Forrest*, 6 Duer, 147; affirmed 25 N. Y., 501.)

Plaintiff being at the point of death, the court should make it a condition of a new trial that the action shall not abate. (*Griffith* v. *William*, 1 C. & J., 47; *Palmer* v. *Cohen*, 5 B. & A., 966; *Ames* v. *Webbers*, 10 Wend., 576; 1 Gra. & Wat. on N. T., § 609; *Kay* v. *Thompson*, 10 Am. L. Reg. [N. S.], 594; *Freeman* v. *Roshee*, 13 Q. B., 980.)

EARL, C.   On the trial the defendant called a witness, Hagan, who was foreman of the railroad track, on the division of the road where the accident happened, and he gave evidence on his direct examination of the number of men under him, and the condition of the track and ties, and of the precautions that were taken to discover any defects in the track. He testified that the track was in good condition, but gave no evidence in reference to the flaw in the rail, except he testified that he did not discover it before the accident.   On his cross-examination he testified that, after the accident, he picked up and took care of some of the pieces of the broken rail, but not the two pieces containing the flaw, and that those pieces he did not find.   He further testified that in June or July after the accident, he went to Watertown and there saw the attorney of the defendant, who inquired of him about the two pieces of rail, and suggested to him that some of the railroad men may have put them out of the way; that after he returned from Watertown, and while at work with his men, he mentioned the inquiry of the attorney, and Sullivan, one of the trackmen, told him that he picked up those pieces of rail and threw them into a pile of ties; that Sullivan was one of the trackmen at the time of the accident, and one of the men whose business it was to take care of the broken pieces of rail.   In further cross-examination plaintiff's counsel then asked him : " What reason did he give you for hiding these two pieces of rail in the pile of ties?"   To this evidence defendant's counsel objected, on the ground that Sullivan himself should be called to prove it, and that it was a declaration made after the time of the transaction.   The judge stated that what Sullivan said after the transaction, and

while he was not in the performance of duty to the railroad company, was not admissible; but what he said in reference to what he did in the line of his duty, and while in the employ of the company, was admissible, and overruled the objection, and defendant's counsel excepted. The witness then answered: "He said there was a flaw in the end of the rail and he thought he would put it out of the way." The plaintiff's counsel was quite persistent in getting in this evidence, and defendant's counsel was as persistent in his objections to it. The judge deemed it material and proper and admitted it, and the only question which I find it important to consider on this appeal is, whether he erred in his ruling in reference to it. It cannot be claimed that this question was proper as a mere cross-examination of the witness, Hagan. He had testified to nothing about the flaw in the rail, except that he did not discover it before the accident. The pieces of rail were produced at the trial by the defendant, and there was no dispute as to their identity. The ruling of the judge, admitting this evidence, can therefore be justified only upon the ground that the declarations of Sullivan, who, at the time he made them as well as at the time he hid the pieces of rail, was a servant in the employment of the defendant, were competent evidence in chief against the defendant.

The general rule is, that the declarations of persons not parties to the suit are incompetent. But sometimes the declarations of an agent, which are part of any *res gesta* which is the subject of inquiry, are received against the principal. The principal constitutes the agent his representative in the transaction of certain business; whatever, therefore, the agent does, in the lawful prosecution of that business, is the act of the principal whom he represents; and when the acts of the agent will bind the principal, his declarations respecting the subject-matter will also bind him, if made at the same time and constituting part of the *res gestæ*. They are then in the nature of original evidence and not of hearsay, and are the ultimate fact to be proven, and not an admission of some

other fact. They must be made not only during the continuance of the agency, but in regard to a transaction depending at the very time. (1 Greenl. Ev., § 113 ; *Luby* v. *The Hudson River Railroad Co.*, 17 N. Y., 131). Within these principles, the declaration of Sullivan admitted was clearly incompetent evidence. The fact, in reference to which the declaration was made, was wholly immaterial. There is no aspect of the case in which it was proper to prove, as evidence in chief, that Sullivan, in the first instance, hid the broken pieces of rail, no matter what his motive was ; and hence, for this reason, if this declaration of his motive for hiding them had been made at the time, it would have been incompetent. But it was made about six months afterward, and did not accompany the act, and hence, for this reason also, it was incompetent.

But it is claimed that this error should, upon this appeal, be disregarded, because it did not in any way harm the defendant. The reception of illegal evidence is presumptively injurious to the party objecting to its admission; but when the presumption is repelled, and it is clear, beyond rational doubt, that no harm was done to the party objecting, and that the illegal evidence did not and could not affect the result, the error furnishes no ground for reversal. (*The People* v. *Gonzales*, 35 N. Y., 59 ; *Vandervoort* v. *Gould*, 36 N. Y., 644.) Any illegal evidence that would have a tendency to excite the passions, arouse the prejudices, awaken the sympathies, or warp or influence the judgments of the jurors in any degree, could not be considered harmless. The defendant, on the trial, denied that it was guilty of any carelessness, and gave evidence tending to show that it exercised all the care and diligence required to discover the defect which caused the accident; and whether it did or not was one of the questions submitted to the jury. It was held competent for the plaintiff to show that one of its servants, who had the supervision of the track, declared that, immediately after the accident, he hid the defective pieces of rail. The jury might infer from this act that he was conscious of some neglect or

fault on his part, or on the part of the company, which he was desirous of concealing. Such an inference would not be unnatural, and would certainly prejudice the defendant upon one of the questions, as to which there was some conflicting evidence. It is quite obvious, too, how eloquent counsel could appeal to the jury, and excite their feelings against the defendant, because its servants, by their negligence, not only caused the serious injury to the plaintiff, but afterward tried to conceal their guilt and thus cheat him out of his damages. I am, therefore, for these reasons, not satisfied that this evidence did not in some degree prejudice the defendant.

But it is further claimed that this evidence did not harm the defendant, for the reason that it afterward called the witness, Sullivan, and he gave evidence to the same facts proved before by his declaration. He testified that no one told him to put the pieces in the pile of ties, and that he did it so that no one could find them. Upon the evidence of Hagan, alone, as to the declaration of Sullivan, it might have been inferred that Sullivan hid the pieces to conceal the flaw, in the line of his duty, under the general or special direction of some superior officer or agent of the defendant; and hence it seemed important that defendant should call Sullivan, and prove by him under what circumstances he hid them, and that he did it of his own motion. Evidence cannot be said to be entirely harmless when the party objecting to it is obliged to call a witness to explain or contradict it. The defendant in this case may, if the declaration had not been proved, have preferred to try the case without calling this over-zealous servant, whose conduct was such as to work it some prejudice. Besides, the fact still stands out that the plaintiff, against the objection of the defendant, put into the case the illegal evidence as to the motive which caused Sullivan to hide the pieces of rail. I am of the opinion, therefore, that the fact that Sullivan was called, and sworn as a witness, does not cure the error com-

mitted in allowing his declaration to Hagan to be proven. (*Warrell* v. *Parmlee*, 1 Comst., 519.)

I have examined the various other exceptions taken during the progress of the trial, and believe none of them to be well taken.

An affidavit was read on the argument, showing that there is great danger that the plaintiff will die before there can be a new trial of this cause, and we were asked, in case we grant a new trial, to impose as a condition that the action should not abate by reason of his death. Such a condition could be imposed if the defendant were asking for a new trial as a matter of favor, or if the new trial rested in the discretion of the court. But when a party asks a new trial as a matter of right, because some legal error was committed on the trial, this court has no discretion to grant or withhold it, but, finding error, is bound to reverse the judgment and grant a new trial, and cannot impose such a condition.

It follows, from these views, that the judgment must be reversed and new trial granted, costs to abide event.

All concur.

Judgment reversed.