MARY L. GAGE, ADMINISTRATRIX OF AUGUSTUS M. GAGE, DECEASED, PLAINTIFF, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, DEFENDANT.

*Master and servant — negligence of co-employe — when master liable for.*

This action was brought to recover damages for the death of plaintiff's husband, a fireman employed on one of defendant's engines, who had been killed because of the train on which he was employed having run from the track. The accident was caused by the defective condition of the track, and evidence was

given to show that notice of the defective condition of the track had been given to the foreman of the gang of men employed by defendant to repair its tracks, before the accident.

Upon an appeal from a nonsuit, *held*, that if the accident was occasioned by the defective condition of the track ; if due notice thereof had been given to defendant, and if plaintiff's husband was free from contributory negligence, plaintiff was entitled to recover.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a nonsuit directed at the Circuit.

The plaintiff's husband was a servant of the defendant employed as fireman on the engine " Plymouth," upon one of its trains running south towards Sherburne in Chenango county, which engine ran off the track in consequence of defective ties and rails, causing the death of the fireman, the husband of plaintiff. There was evidence of defects and imperfections, at the place where the train left the track, in the ties, rails and joints. There was evidence that the defects had been pointed out to Sterling, foreman of a gang of men charged with repair of the track, before the accident occurred, and that he did not remedy them.

*A. C. Coxe*, for the plaintiff.

*H. Hurlburt* and *F. Kernan*, for the defendant.

HARDIN, J.:

Our attention has been called, since the argument of this case, to the decision made by the Court of Appeals in *Mehan* v. *Bing. R. R. Co.*, in which that court lay down the rule that the employer is bound to furnish appliances and machinery and road-beds reasonably safe for the use of its employes, and that for such omission of duty a liability exists to those injured without negligence contributing to the injuries. The principles laid down in that case are applicable to this one. The trial judge should, therefore, have submitted to the jury, first: The question of fact in respect to the extent and character of the defects revealed by the evidence; second, whether the defendant had notice thereof before the injuries happened; third, whether the husband of the plaintiff was free from negligence contributing to the injuries. (*Arkerson* v. *Dennison,*

117 Mass., 409; *Laning* v. *N. Y. C. & H. R. R. R. Co.*, 49 N. Y., 532; *Plank* v. *Same*, 1 N. Y. S. C. [T. & C.], 319; affirmed, 60 N. Y., 607; *Snow* v. *Housatonic R. R.*, 8 Allen, 441; *Flike* v. *N. Y. C. & H. R. R. R. Co.*, 53 N. Y., 553; *Corcoran* v. *Holbrook* 59 id., 519; *Malone* v. *Hathaway*, 64 id., 5; *Tinny* v. *B. & A. R. R. Co.*, 62 Barb., 218; *Faulkner* v. *Erie Railway Co.*, 49 id., 324; *Anderson* v. *Rome, W. & O. R. R. Co.*, 54 N. Y., 334.)

The nonsuit was, therefore, improperly granted and must be set aside and a new trial ordered, with costs to abide the event.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment reversed and new trial ordered, with costs to abide the event.