Strause v. Josephthal.

## HENRIETTA STRAUSE, Respondent, *against* MORITZ JOSEPH-THAL *et al.* Appellants.

### (Decided June 3d, 1879.)

Where the issue of fact was, whether or not, at the time of a sale of a bond and mortgage, an attorney receiving the money was acting for the vendor or vendee in receiving it : *held*, that the fact put in evidence by the plaintiff that the attorney was at about that time, and had for one or two years before, acted as attorney for the vendees (the defendants) in making other investments in real estate for them, was some evidence that he was the attorney of the vendee in receiving such money, and made out such a *prima facie* case on this point that a non-suit was properly refused.

*Held*, also, that such evidence would not be considered upon appeal as so insufficient a foundation for the introduction of evidence of agency from agent's declarations—*e. g.*, his written receipt—as to require a reversal of the judgment on account of an exception having been taken to the admission of such receipt, other unobjectionable evidence as to the question of agency having been introduced later in the trial.

·APPEAL from a judgment entered upon a verdict for plaintiff, and from an order denying a motion for a new trial made upon exceptions, and upon the ground that the verdict was contrary to the evidence and law.

The action was brought to recover the sum of $2747 30, alleged to remain unpaid of the sum of $6428 57, the purchase price of a bond and mortgage sold by plaintiff to defendants, and delivered by plaintiff to one Adolph Levinger, alleged in the complaint to be defendant's attorney. The defense was, that the defendants had paid in full for the bond and mortgage by delivering the sum of $6428 57 to Adolph Levinger, alleged in the answer to be plaintiff's attorney. It appeared upon the trial that Levinger had received the whole price, and had run away with the part for which the action was brought.

*Sieg. Spingarn*, for appellants.

*Benj. M. Stilwell*, for respondent.

LARREMORE, J.—This case, though one of great impor-

tance and peculiar hardship, lies in a small compass. The decision turns upon the question, whether the defendants were *bona fide* purchasers and holders of the bond and mortgage assigned to them by the plaintiff. This fact has been found against them by the verdict of a jury, and, unless for error appearing on the trial, it should not be set aside.

There was a conflict of evidence as to the time of the delivery of the papers, the defendants claiming to have received them, and to have advanced $6428 37, the consideration therefor, on Sept. 6th, 1875, while the plaintiff contends that such delivery was on or after Sept. 21st, 1875, on which day the assignment by her to them was dated and acknowledged. It is evident that if the defendants entrusted Levinger with the money without receiving the securities, they must look to him for any misappropriation of the fund. It was undisputed that he had been their attorney in previous real estate transactions, and from that relation, and the facts developed upon the trial, the jury might rightfully have reached the conclusion that he was their agent and attorney in making this loan.

Upon this theory of the case, his receipt for the assignment (ex. D.) was properly admitted in; evidence for at the time of its execution he—according to defendant's showing—had all the money in his hands.

Plaintiff did not surrender the securities until she received ex. D. from the person who, throughout all the negotiations, represented the defendants. One thing is certain, that plaintiff never received the full consideration of her mortgage. She tendered defendants the $4000 received by her, and demanded a reassignment of the bond and mortgage, which was refused.

Levinger had absconded, and the jury by their verdict have found that he was not the plaintiff's agent.

The motion to non-suit was properly denied. Taking plaintiff's testimony as a whole, it furnished some evidence for the jury as to Levinger's agency for the defendants. As has been already observed, he had acted for them in similar cases. (*Van Wyck* v. *McIntosh*, 14 N. Y. 439.) He had

their money and the indicia of right to dispose of it. (*Commercial Bank of Buffalo* v. *Kortright*, 22 Wend. 348.) Plaintiff parted with her securities on the strength of his representations and receipt on behalf of the defendants, and she has sustained some loss by reason of his act. (*Downer* v. *Carpenter*, 1 Hun, 591.)

The exceptions to the ʳexclusion of conversations had with Levinger were not well taken. They occurred after the loan had been made, and after his defalcation, and no statement of his was then competent to characterize the transaction. (*Anderson* v. *Rome, Watertown & O. R. R.*, 54 N. Y. 334.)

The case was submitted to the jury upon an able, lucid an impartial charge, to which there was no exception, and my own convictions are strong that by a jury only should the rights of these suitors be determined.

I think the judgment appealed from should be affirmed.

CHARLES P. DALY, Ch. J., concurred.

Judgment affirmed.*

_____

* The judgment here was affirmed by the Court of Appeals June 3d, 1879.