## ALEXANDER JOHNSTON, RESPONDENT, *v.* LEMON THOMPSON, APPELLANT.

*Evidence—admissibility of the declarations of an agent, as against his principal.*

The declarations and admissions of an agent are not admissible as against his principal, unless they were connected with or made in regard to a transaction then (at the time of the making of such declarations and admissions) being conducted by him for his principal.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover for work and labor performed for, and materials furnished to the defendant by the plaintiff, and others who had assigned their claims to him.

The liability was claimed to have been created by the acts of one Bissell, an agent for the defendant. Upon the trial various declarations and admissions of Bissell were, against the defendant's objection and exception, received in evidence.

*Isaac Lawson*, for the appellant.

*W. B. French*, for the respondent.

BY THE COURT:

We are of the opinion that a new trial must be granted because

of the admission of improper evidence against the defendant's objection. Even admitting that the proof was sufficient to establish the fact of Bissell's agency, his declarations and admissions when not engaged in the performance of the business of the agency would not bind his principal. The rule of law upon this subject is this, that to make the declarations or admissions of an agent evidence against his principal, they must be connected with the *transaction then being done by him for his principal*. They must be made not only during the continuance of the agency, but in regard to a transaction depending at the very time. (*Anderson* v. *Railroad Co.*, 54 N. Y., 334–341; *Bap. Ch.* v. *B. Ins. Co.*, 28 Id., 153–160; *Cortland County* v. *Herkimer County*, 44 Id., 22–24; *Luby* v. *H. R. R. Co.*, 17 Id., 131, 133; *Hydorn* v. *Cushman*, 16 Hun, 107.) This rule of evidence was violated in several instances on the trial, and for this reason there must be a new trial.

Judgment reversed; new trial granted; costs to abide the event; and reference discharged.

Present—LEARNED, P. J., BOCKES and LANDON, JJ.

Judgment reversed, new trial granted, referee discharged, costs to abide event.