THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SARAH A. WIGGINS, Appellant.

Sale of adulterated milk — evidence examined and held insufficient to sustain verdict for penalty — evidence — declarations by tenant of defendant, not admissible against defendant — evidence that destroyed check was indorsed by defendant not admissible without proof that indorsement was in handwriting of defendant.

Where a check has been destroyed it is not sufficient, as against the defendant in an action to recover a penalty, to show that it bore the name of such defendant as indorser, without further proof that such indorsement was in defendant's handwriting or by her authority.

A witness testified that a tenant of defendant had told him that defendant owned the cows which produced the milk which was adulterated. The tenant was not shown to be the agent of defendant, and his unsworn declarations could not bind defendant; hence the evidence was incompetent.

On examination of the evidence in an action to recover a penalty for having offered for sale adulterated milk, *held*, that it was insufficient to warrant a verdict against defendant.

*People* v. *Wiggins*, 138 App. Div. 917, reversed.

(Argued December 15, 1910; decided March 3, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 3, 1910, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*O. M. Reilly* for appellant. Frawley, the tenant of Getty, was not the agent of the defendant, and the court erred in receiving the conversation between Frawley, his son, and Miller, the milk inspector, and Peacock, the man in charge of the factory in the absence of the defendant. (*Anderson* v. *R., W. & O. R. R. Co.*, 54 N. Y. 334; *Taylor* v. *Comcl. Bank*, 174 N. Y. 190; *M. M. E. L. Co.* v. *U. S. H. & C. S. Society*, 9 Misc. Rep. 180; *O'Hagan* v. *Dillon*, 76 N. Y. 176; *Coleman* v. *People*, 58 N. Y. 555; *People* v. *Corey*, 148 N. Y. 489; *People* v. *Koerner*, 154 N. Y. 355; *Rudomin* v. *I. S. R. Co.*, 111 App. Div. 548.) The court erred in denying defendant's motion for a nonsuit at the close of plaintiff's case and again at the close of the evidence. (*People* v. *Wright*, 19 Misc. Rep. 135; *People* v. *Wiard*, 61 App. Div. 612; 170 N. Y. 590; *Laidlaw* v. *Sage*, 158 N. Y. 73; *Shortwell* v. *Dixon*, 163 N. Y. 53; *Lopez* v. *Campbell*, 163 N. Y. 348.)

*F. T. Cahill* for respondent. The motion for a nonsuit was properly denied. (*People* v. *Wright*, 19 Misc. Rep. 135; *People* v. *Wiard*, 61 App. Div. 612.) No error was committed in receiving testimony as to what was said by Frawley relative to ownership. (*Anderson* v. *R., W. & O. R. R. Co.*, 54 N. Y. 334; *Taylor* v. *Comcl. Bank*, 174 N. Y. 190.)

WILLARD BARTLETT, J. This action was brought at the instance of the state commissioner of agriculture to recover a penalty for having offered for sale adulterated milk contrary to the provisions of section 22 of the Agricultural Law as it existed in 1908, when the suit was begun. The complaint alleged that the defendant on or about September 17, 1907, at the Phœnix Cheese Factory, in the county of Oswego,

offered for sale a certain quantity of adulterated milk containing more than 88 per centum of water and fluid and less than 12 per centum of milk solids; that said act constituted a violation of section 22 of the Agricultural Law, and that by reason of the premises the defendant became indebted to the People in the sum of one hundred dollars, for which judgment was demanded. The defense was a general denial. Upon the trial a verdict was rendered in favor of the plaintiff in the sum of fifty dollars. The judgment on that verdict has been affirmed by the Appellate Division without opinion, two members of that court, however, having dissented from the affirmance on the ground that the evidence does not show that the defendant was the owner of the milk furnished or delivered the milk to the factory within the meaning of the statute, and on the further ground that improper evidence was received.

We think that the judgment should be reversed on all of the grounds thus stated. The defendant was an old lady upwards of eighty years of age. She had sold the farm from which the milk was delivered in the year 1898 to one Addison D. Getty; and there is no competent evidence that she had ever been upon the property since, or that she owned or had any interest in any of the cows from which the adulterated milk was obtained. There was not the slightest evidence to connect her in any manner with the sale or delivery of the milk, except the testimony of the cheesemaker at the Phœnix Cheese Factory, to the effect that he had sent out checks in payment for milk which were made payable to Mrs. William H. Wiggins, and that those checks were returned after payment. This testimony was objected to by defendant's counsel, unless the prosecution showed that they were indorsed by Mrs. Wiggins. The witness was then asked to state whether or not those checks so sent out by him were indorsed by Mrs. William H. Wiggins. He answered, "Yes, sir," before counsel could interpose an objection. Then defendant's counsel objected and moved to strike out the testimony unless the prosecution showed that the indorsement was in the defendant's handwriting. The learned trial judge

remarked that they had shown that the checks were burnt; but counsel for the defendant insisted that this did not obviate the necessity of showing that they were indorsed by Mrs. Wiggins; whereupon the trial judge said that it was some evidence and that he would receive it and give the defendant an exception.

It is clear that this testimony did not suffice to show an indorsement by the defendant herself or by any one with her authority. The checks were not delivered to the defendant but to Nicholas H. Frawley, a tenant of the farm formerly owned by her, or to some member of his family; and Mr. Frawley testified that he never paid any of the avails of the checks over to the defendant, but paid them all to one Carl H. Getty, the son of the owner of the farm.

With the exception of the insufficient proof in regard to the indorsement of the checks the only evidence tending to show that the defendant owned the cattle which produced the adulterated milk was the testimony of a witness named Miller to the effect that Frawley, the tenant, had told him that Mrs. William H. Wiggins owned the cows. This testimony was taken under objection and exception and was clearly incompetent. Frawley was in no sense an agent of the defendant and his unsworn declaration in regard to the ownership of the cattle could not bind her. (*Anderson* v. *Rome, W. & O. R. R. Co.*, 54 N. Y. 334; *Taylor* v. *Commercial Bank*, 174 N. Y. 181, 190.) The error committed in receiving it was clearly harmful inasmuch as the learned trial judge referred in his charge to Frawley's declarations to the effect that the defendant was the owner of the milk. Independently of the erroneous rulings to which we have referred, however, the evidence for the prosecution taken as a whole was clearly insufficient to warrant the verdict against the defendant; and the motion to dismiss the complaint should have been granted.

The judgment should be reversed and a new trial granted, costs to abide the event.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment reversed, etc.