NANCY PICCARRETO, as Administratrix of the Estate of JOSEPH PICCARRETO, Deceased, Respondent, v. ROCHESTER GENERAL HOSPITAL, Appellant.— Memorandum: The admission of the conversation between decedent's brother and Dr. Parnall and the receipt in evidence as a part of the conversation of the note written by the coroner to the John Hancock Insurance Company over defendant's objection constituted prejudicial error. Dr. Parnall was not a party to the action and his statements made several weeks after the decedent's death were not a part of the res gestae. The negligent acts charged against defendant had terminated and no transaction in respect thereto was pending at the time. (See Luby v. Hudson Riv. R. R. Co., 17 N. Y. 131; Anderson v. Rome, W. & O. R. R. Co., 54 N. Y. 334, 340; Richardson on Evidence [6th ed.], § 391.) As to the note, if the conversation was improperly received in evidence, it would seem to follow that it was prejudicial error to admit in evidence as a part of the conversation the note written

by the coroner, and if not admissible on that ground, it was inadmissible under the hearsay rule. (Richardson on Evidence [6th ed.], § 240.) We are also of the opinion that the notation made by an interne in the hospital record which read: "Impression. 1. In view of recent past unpleasant experiences, tetanus must be kept foremost in mind" should not have been received in evidence over defendant's objection. All concur. (Appeal from a judgment for plaintiff in a negligence action. The order denied a motion to set aside the verdict.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ. [See *post,* p. 713.]