70h　　472
83 AD²488,

KATE M. BRENNAN, Appellant, *v.* WILLIAM ELLIS, Respondent.

*Negligence — repairing leased premises — a mere direction to a contractor to do it does not exonerate the owner.*

Where an owner of real estate enters into an agreement with a contractor to do work thereon, the former is not ordinarily liable for damages arising from the negligence of the latter in the doing of the work; if, however, the work is a repair which the owner is bound to have done and the contractor fails to do it, the owner remains liable for the injury caused by the want of such repair, notwithstanding his agreement with the contractor.

An owner of real estate, used as an apartment house, between which and the second story of a building in the rear thereof a bridge had been constructed and had become out of repair, in consequence of which a tenant in occupation of the premises, and entitled to make use of the bridge, fell through it and was injured, is not exonerated by the fact that he, prior to such injury, entered into an agreement with a contractor to repair the bridge, where the contractor failed to make such repairs.

APPEAL by the plaintiff, Kate M. Brennan, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Rensselaer on the 15th day of March, 1893, in favor of the defendant, and also from an order entered in said clerk's office March 22, 1893, denying the plaintiff's motion for a new trial, after a trial at the Rensselaer County Circuit before the court and a jury.

The action was brought by a tenant in occupation of the house and premises known as No. 27 King street in the city of Troy, New York, against the owner and landlord of the premises to recover the damages sustained by the plaintiff by reason of his fall through a bridge or passageway leading from the second story of the building on the demised premises to a building in the rear thereof for the use of the tenants in said premises, which bridge, it was alleged, had been, by the defendant, permitted to become and remain rotten, decayed, insecure and dangerous.

*James Lansing,* for the appellant.

*James H. Ryan* and *Henry L. Landon,* for the respondent.

PUTNAM, J.:

The action was brought to recover damages for the alleged negligence of the defendant, the owner of an apartment house in the

city of Troy, in allowing a bridge laid from the second story of said house to the water-closet in the rear, to remain out of repair, in consequence of which plaintiff was severely injured.

It is not denied that it was the duty of defendant to use reasonable care in keeping the bridge in a safe condition, nor that the testimony in the case rendered it proper to submit to the jury the question whether said care was in fact used.

The court in his charge used the following language, viz.: "So that the question is not necessarily disposed of when you find (if you should find) that Mr. Wylie did not nail these boards. You may say it is sufficient, that it was sufficient, for this defendant to go to an experienced carpenter, if he did as he says he did, and as the carpenter says he did, and say 'This structure, which was originally safely constructed, is out of repair, and I want you to go over it and look it over and make repairs, and put it in condition.' Now, that, he testifies he did; that Mr. Wylie testifies he told him to do, and that he says he undertook to do.  *  *  *  If you say as prudent, reasonable men that in your judgment that is all that could be expected of a man under such circumstances, that it is what any other careful and prudent man would do, it would be your duty to find, of course, that he had not neglected to perform any duty which he owed to this plaintiff, or to any other tenant in the occupation of this building."

The only question necessary to be considered is as to the propriety of the portion of the charge above quoted.

Assuming that the relation of master and servant, or principal and agent, did not exist between defendant and Wylie, and that the latter occupied the position of a contractor (see *Larow* v. *Clute*, 37 N. Y. St. Repr. 859; *Wood* v. *The City of Watertown*, 58 Hun, 304), the question arises whether defendant, being notified of the dangerous condition of the bridge, discharged his duty by contracting with a competent man to repair it, and was not thereafter liable, although the contractor failed to do the work.

It is well settled that where an owner enters into an agreement with a contractor to do work, the former is not ordinarily liable for damages arising from any negligence of the latter *in the doing of the work*. But we understand that if the work is a repair which

the owner is bound to have done and the contractor fails to do it, the owner remains liable for the injury caused by the want of such repair. (*Sturges* v. *The Theological Education Society*, 130 Mass. 414, 415 ; *Gorham* v. *Gross*, 125 id. 232–240.)

In *Pickard* v. *Smith* (100 Eng. Com. Law Rep. 470), it is held (page 479) : " If an independent contractor is employed to do a lawful act, and in the course of the work he or his servants commit some casual act of wrong or negligence, the employer is not answerable. * * * That rule is, however, inapplicable to cases in which the act which occasions the injury is one which the contractor was employed to do ; nor, by a parity of reasoning, to cases in which the contractor is intrusted with the performance of a duty *incumbent upon his employer*, and neglects its fulfillment, whereby an injury is occasioned." (See, also, *Worthington* v. *Parker*, 11 Daly, 545, 546.)

We think, therefore, that the defendant was not relieved from liability for the defective condition of the bridge in question, by employing a competent contractor to repair it, and that, in consequence of the instructions above quoted, given to the jury by the trial court, there should be a new trial.

We think, also, that the exception of plaintiff to the refusal of the court to charge as requested, sufficient to raise the question above considered. But if not, this is a case where a new trial should properly be granted without an exception, within *Whittaker* v. *D. & H. C. Co.* (49 Hun, 400–405) ; *Roberts* v. *Tobias* (120 N. Y. 5, 6).

The judgment should be reversed and a new trial granted, costs to abide the event.

HERRICK, J., concurred.

Judgment reversed, new trial granted, costs to abide the event.