PATRICK H. McCOOEY, Respondent, *v.* THE FORTY-SECOND STREET AND GRAND STREET FERRY RAILROAD COMPANY, Appellant.

*Questions of negligence and contributory negligence are for the jury — verdict, when not excessive — evidence as to the surroundings and results of the accident — objection to a hypothetical question.*

In an action brought to recover damages for injuries sustained by a person, who was struck by a car running at a considerable rate of speed, while lawfully engaged in work upon a street near a track over which horse cars ran, the question of the defendant's negligence and the plaintiff's freedom from contributory negligence should be submitted to the jury.

Upon the trial of such action it was shown that the plaintiff was thrown down in such a position that the wheel of the car went over his foot, starting at the toes and running off near the ankle, wrenching the ankle and tearing the heel of the shoe loose.  He remained in the hospital five days and was then taken home and laid up by the injury a little over four months, during which time he suffered pain and was unable to use his foot or to work, and during two or three of said months he was obliged to use crutches.  The jury rendered a verdict for the plaintiff for $1,500.

*Held,* that such amount was not, under the circumstances, excessive.

In such an action it is proper to show the surroundings of the accident, and, for that purpose, to introduce in evidence a map, properly authenticated and proved; it is also competent to show what results would follow with reasonable certainty from the injuries received, and, in a proper case, to recover damages therefor.

The overruling of an objection to a hypothetical question on the ground only of its incompetency, will not justify a reversal of the judgment on appeal on the ground that the question did not contain all the facts necessary to enable the expert to answer it and thus bring them to the minds of the jurors.

APPEAL by the defendant, The Forty-second Street and Grand Street Ferry Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of

the county of New York on the 15th day of November, 1893, upon the verdict of a jury for $1,500, rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 17th day of November, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Henry Robinson,* for the appellant.

*G. Washbourne Smith,* for the respondent.

O'BRIEN, J.:

This action was brought to recover damages for injuries alleged to have been received by plaintiff while engaged in work as a laborer on the 18th of December, 1891. According to the version given by plaintiff and his witnesses, it appears that on that day, while engaged in building a cable railroad in Broadway, just south of Thirty-fourth street, he was knocked down by the nigh horse attached to one of defendant's cars going in a southerly direction, and his right foot went under a Broadway car passing south at that instant and was run over and injured.

Plaintiff was engaged at the time of the accident in the work of replacing a cast iron manhole cover over the entrance to a vault. The place where he was working was in a space between the four tracks of the Sixth Avenue Railroad Company and the Broadway and Seventh Avenue Railroad Company where they cross south of Thirty-fourth street, which space is called "the diamond." Having raised the manhole cover and permitted three or four men to go down into the manhole to work, the plaintiff and a fellow-workman were engaged in replacing the cover, the accident happening just while the plaintiff was letting the cover down in its place, with the bar inserted in the cover, and while he was in a stooping position. Testimony was given to show that the defendant's car was going at the rate of at least five and a half miles an hour; that the driver was not looking in the direction in which he was going, but towards the east, and, though shouted to stop when the horses were twenty-five to thirty feet away, which as shown by an expert would have been sufficient space within which to have stopped the car, the driver paid no attention to these signals, but drove right on, striking the plaintiff and causing the injuries for which he sued.

The plaintiff being lawfully engaged, therefore, in a work upon the streets and near the track over which the defendant's cars ran, and being struck while so engaged by a car running at a considerable rate of speed, the question of the defendant's negligence and the plaintiff's freedom from contributory negligence were properly submitted to the jury. It was shown that the plaintiff was thrown down in such a position that the wheel of the Broadway car went over his right foot, starting at the toes and running off near the ankle, wrenching the ankle and tearing the heel of the shoe loose. He remained in the hospital five days, was then taken home and laid up by the injury a little over four months, during which he suffered pain and was unable to use his foot or to work, and during two or three of such months obliged to use crutches. The amount awarded of $1,500 was not, under the circumstances, excessive.

This leaves as the only grounds upon which the verdict or judgment can be assailed the exceptions taken to the admission of evidence. The first is to the introduction in evidence of a map and permitting the witness to state that the distance between the tracks of the Sixth Avenue road at the point where the accident occurred was five feet three inches. It is urged that this was entirely irrelevant, because the Sixth Avenue road was a stranger to the suit. But the simple answer to this objection, it seems to us, clearly appears from the record, wherein it is shown that such testimony was elicited on the examination of the city surveyor, who produced a map showing the location of the accident, and upon which the various distances of the several tracks from the place where the accident occurred were marked. That it is competent to show the surroundings of the accident, and for that purpose to introduce a map properly authenticated and proved, has been many times held.

The next objection relates to a hypothetical question asked of a doctor, and which is sought to be sustained by the line of cases which hold that the question must contain the facts assumed, so that the jury can have before them the facts in the expert's mind upon which he bases his answer to the hypothetical question. These cases are not available to the appellant, because his objection was not put upon the ground that the question did not contain all the facts necessary to enable the expert to answer, but upon the ground

of its incompetency. That such evidence was not incompetent is apparent not only from its character, but also from the fact appearing from the record that the defendant's own counsel had, in a series of hypothetical questions, endeavored to elicit like testimony.

Other exceptions relied upon by appellant were to rulings of the court in permitting the doctor to give his opinion as to the probable duration of the injuries. Such questions were objected to, not as to form, but as being incompetent, and the objection thus made was not sufficient to call the attention of the trial judge to the ground now relied upon. That it is competent in these cases to show what results will flow with reasonable certainty from injuries received, as well as the right to recover for such injuries, has been frequently recognized. The witness under examination was a skilled surgeon, who was in every way qualified to give the information which the questions were directed to eliciting.

It is unnecessary to notice in detail the other objections relied upon on this appeal, it being sufficient to say that they are wanting either in form or substance. Upon the whole case we think that the verdict of the jury was sustained by the evidence, that the damages were not excessive, and that the judgment is right and should be affirmed, with costs.

Follett and Parker, JJ., concurred.

Judgment affirmed, with costs.