GEORGE HEMPENSTALL, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

82 285
47ap630

*Negligence — damages for personal injuries — questions of negligence and damages are for the jury.*

Upon the trial of an action brought to recover damages resulting from personal injuries, it appeared that the plaintiff, after purchasing a ticket for passage on the defendant's railroad, waited for his train going east, which, at that point, according to schedule time, was past due. While waiting, a fast train, eastward bound, passed the station, which the plaintiff supposed was his train, and he passed from the depot over some of the tracks of the defendant's road for the purpose of boarding it. The fast train passed without stopping, and the plaintiff, to avoid a westward-bound train which at that time was approaching, stepped back and was hit and injured by a freight car which was in process of being switched, and was moving slowly, either from gravity or its own momentum, detached from any engine.

*Held,* that under the circumstances the court could not say, as a matter of law, either that the plaintiff was guilty of contributory negligence, or that the defendant was free from negligence;

That such questions were properly submitted to the jury for its determination.

The jury, upon the trial of an action brought to recover damages for personal injuries by reason of the alleged negligence of a defendant, is the tribunal under the law to assess the damages sustained, and it is only when their verdict is so excessive and disproportionate to the injury that it evinces passion, prejudice or partiality, that the court should interfere to reduce it.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Montgomery on the 22d day of January, 1894, upon the verdict of a jury for $1,850, rendered after a trial at the Montgomery Circuit, and also from an order entered in said clerk's office on the 20th day of January, 1894, denying the defendant's motion for a new trial made upon the minutes

*C. D. Prescott*, for the appellant.

*L. F. Fish* and *R. B. Fish*, for the respondent.

PER CURIAM:

The plaintiff had purchased a ticket for passage on the defendant's railroad from Fonda to Albany, and was waiting at the former place for an east-bound train which was past due at that point accord-

ing to schedule time. While there, a fast train, eastward bound, passed the station without stopping, which the plaintiff supposed was his train, and he passed from the depot over some of the tracks of defendant's road for the purpose of boarding it.

As that train passed without stopping, the plaintiff, as would seem, to avoid a west-bound train which at that time was approaching, stepped back and was hit by a freight car which was in process of being switched, and was moving slowly, either from gravity or its own momentum, detached from any engine, and was injured.

It is claimed by the plaintiff that the defendant was, as to the passengers traveling on its trains, to whom it owed a high degree of diligence, negligent in "kicking" a freight car, detached from the engine, in front of its passenger depot, while passengers were waiting there for a past-due train.

It is claimed by the defendant that the plaintiff did not show his freedom from contributory negligence in exposing himself in the daytime to be hit by a freight car, and that if he had looked and listened he could have seen it and escaped injury.

Under the circumstances of this case we do not think this court can say, as matter of law, that the defendant was free from contributory negligence. Nor can we say, as matter of law, that the plaintiff was guilty of contributory negligence. Under the circumstances of this case we think that it was a question for the jury whether, under the facts disclosed by the proof, the defendant was guilty of negligence which produced the injury; and it was also a question for them to determine whether the plaintiff had established his freedom from contributory negligence, and that the case was, therefore, properly submitted to the jury under a fair charge by the judge. It is insisted by the defendant that the damages given by the jury are excessive.

We think the damages are large, and larger, perhaps, than we would have awarded had we been called upon to assess them. But that is not the test to be applied by the appellate court in determining whether or not damages are excessive. The jury is the tribunal under the law to assess the damages in a case of this character, and it is only when their verdict is so excessive and disproportionate to the injury that it evinces passion, prejudice or partiality that the court may interfere to reduce it. We cannot say, as

matter of law, that the size of this verdict evinces any such improper passion or emotion on the part of the jury in this case.

The judgment must be affirmed, with costs.

Present — MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Judgment affirmed, with costs.