tre & Gonzalez (Emmet R. Olcott, of counsel), for appellants. Lucius H. Beers, for respondents Henry Talmadge & Co.

PRATT, J. In the above matter the surrogate from whom the appeal was taken has filed an opinion, which fully states the ground upon which the decree was entered. 29 N. Y. Supp. 316. I recommend an affirmance, without any further opinion, with costs.

HAYDEN v. PLATT et al. (Supreme Court, General Term, Second Department. February 11, 1895.) Action by Robert J. Hayden against Thomas C. Platt and another, receivers of the New York & New England Railroad Company. Tracy, Boardman & Platt (James R. Soley, of counsel), for appellants. Wood & Morschauser, for respondent.

PRATT, J. The elaborate opinion filed by the referee so completely covers the facts as to render further discussion unnecessary. We do not see that the plaintiff was guilty of contributory negligence, and the amount of damages is not excessive. Judgment affirmed.

HEERWAGEN et al. v. RITZMAN. (City Court of New York, General Term. March 19, 1895.) Action by Arnold Heerwagen and James W. Ketcham, as copartners, composing the firm of A. Heerwagen & Co., against Charles L. Ritzman. Wolf, Kohn & Ullman, for appellant. Albert I. Sire, for respondents.

EHRLICH, C. J. The action is for brokerage in procuring a customer for certain premises known as "No. 532 Ninth Avenue," this city. The case involved the questions whether the plaintiffs had been employed to make the sale, and whether they were the procuring cause thereof. The court left these questions to the jury, under a clear charge, and they found that the plaintiffs had been employed by the defendant, and that the purchaser had been procured through their instrumentality. The evidence sufficiently sustains the jury's finding, and the judgment and order appealed from must be affirmed, with costs.

HEILMAN, Respondent, v. HESS, Appellant. (Common Pleas of New York City and County, General Term. February 4, 1895.) Action by Moses Heilman against Charles A. Hess. Langbein Bros. & Laughlin, for appellant. Hyman & Rosenthal, for respondent. No opinion. Judgment affirmed, with costs, upon argument.

HOFF, Respondent, v. COMMEIGHT, Appellant. (City Court of New York, General Term. March 19, 1895.) Action by Louisa Hoff, as administratrix, against Jean Commeight. Louis Mathot, for appellant. Kudlich & Finck, for respondent.

NEWBURGER, J. The plaintiff, as administratrix of her mother's estate, brings this action to recover certain moneys which she charges the defendant wrongfully obtained. It appears that the plaintiff's mother was sick with paralysis, and on the 14th day of September, 1892, was taken to the French Hospital for treatment. The defendant was her physician before she went to the hospital, and it appears it was he who suggested her being taken there, where she

died on the 22d day of November of the same year. It further appears that, during the stay of the plaintiff's intestate at the hospital, the defendant, who was then one of the regular staff of physicians of the hospital, obtained of the decedent a bank book issued by the Manhattan Savings Institution, and thereafter presented to the savings institution three drafts, amounting to the sum of $354, which the bank paid. Plaintiff claims that the drafts were not the act of plaintiff's intestate, in that during the whole time she was in the hospital, including the dates of the alleged execution of the drafts, she was mentally incapacitated, and unable to understand the nature and character of the transaction, and incapable of assenting to the execution of the drafts. The case was properly submitted to the jury by the trial justice, and a careful reading of the printed case fails to disclose any error in the admission of testimony that would warrant us in disturbing the verdict of the jury. The judgment appealed from must be affirmed, with costs.

HYNES, Appellant, v. ADLER et al., Respondents. (Superior Court of New York City, General Term. March 5, 1895.) Action by James Hynes, as receiver, etc., against Sarah Adler and David Adler and the New York Stock Company. James Murphy, for appellant. Joseph C. Wolff, for respondents.

PER CURIAM. The finding of the court below that there was no fraud in the transfer from the husband to the wife was sustained by the testimony. They were not contradicted in any respect. It does not seem to be an unusual occurrence, considering their previous dealings. The improbability of the transfer was not great. The intent of the husband would not be imputed to the wife if she had no notice of it, and was herself innocent. There does not seem to be any irregularity in the findings. The appellant has taken no position that has not been examined. Judgment affirmed, with costs.

In re HUBER'S ESTATE. (Supreme Court, General Term, Second Department. March 5, 1895.) No opinion. Order affirmed, with $10 costs and disbursements. All concur.

JACKLE, Respondent, v. MANHATTAN RY. CO., Appellant. (Supreme Court, General Term, First Department. March 15, 1895.) Action by Christian Jackle against the Manhattan Railway Company. R. P. Chittenden, for appellant. E. M. Felt, for respondent. No opinion. Judgment affirmed, with costs.