PICKETT v. TOWN OF WEST MONROE.

(Supreme Court, Appellate Division, Fourth Department.   January 30, 1900.)

1. DAMAGES—INJURIES TO THE PERSON—EXCESSIVE DAMAGES.
        An allowance of $1,200 is excessive for injuries consisting of two broken
     ribs, causing a permanent enlargement of the parts, and four cuts on the
     face, extending through to the bone, leaving permanent scars, such injuries
     confining plaintiff to the house for a month.

2. SAME—LOSS OF EARNING CAPACITY.
        In the absence of any allegation or proof as to loss of earning capacity
     due to personal injuries, plaintiff is entitled to nominal damages only for
     such loss.
        McLennan, J., dissenting.

Appeal from special term.

Action by Garrett Pickett against the town of West Monroe.
Judgment for plaintiff, and defendant appeals.   Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-
LIAMS, and LAUGHLIN, JJ.

J. W. Shea, for appellant.
W. B. Baker, for respondent.

PER CURIAM.   Judgment and order appealed from reversed, and
new trial ordered, with costs to the appellant to abide the event.
Held, that the damages were excessive; that plaintiff was not en-
titled to recover anything beyond nominal damages for loss of earn-
ing capacity, and yet it may well be that the jury, under the charge,
understood that they might go beyond nominal, and award sub-
stantial, damages for loss of past and future earning capacity.   All
concurred, except McLENNAN, J., who concurred in the result only,
in an opinion.

McLENNAN, J.   I cannot concur in the conclusion reached by
a majority of the court, that the size of the verdict alone estab-
lishes that it was excessive, or that, under the allegations of the
complaint and the proofs, the plaintiff is entitled to recover even
nominal damages for loss of "earning capacity."   I concur in the
result, that the verdict and order appealed from should be reversed,
but solely upon the ground that the learned trial justice committed
error prejudicial to the defendant in charging the jury as to the
measure of damages.   The action was brought to recover damages
alleged to have been sustained by the plaintiff through the negli-
gence of the defendant.   The plaintiff, at the time of the accident,
was 58 years of age, and during the greater part of his life had
been engaged in boating upon the canal.   At the close of naviga-
tion, in the year 1897, he left his canal boat at the village of Brew-
erton, in the county of Onondaga, N. Y., for the winter, and on
the afternoon of the 22d day of November, 1897, started, with a
pair of mules hitched to a two-wheeled cart, to drive to his home,
in the village of Constantia, in the county of Oswego, a distance
of about 12 miles.   He took the "Swamp Road," so called, leading
north from the village of Brewerton, and had proceeded a distance

of three or four miles, and to a point where the swamp road is crossed at substantially right angles by a highway leading to the village of Constantia, when he met a team, turned slightly to the right in order to pass, and in so doing drove upon and over a large and irregularly shaped boulder, about 2 feet wide and 15 inches in height, was thrown against the wheel of the cart and to the ground, and sustained, as is claimed, serious bodily injuries. The evidence tends to show that at the time of the accident it was dark; that the boulder was within 18 inches or 2 feet from the beaten track over which the plaintiff was to pass; that it had been in that position for several years prior to the accident; and that the defendant knew, or ought to have known, of its location and character. The evidence was such as to indicate that the boulder constituted a dangerous obstruction in the highway; that the defendant was guilty of negligence in permitting it so to remain; that such negligence caused the accident; and that it occurred without any fault or negligence upon the part of the plaintiff. There was proof also tending to show that the injuries sustained were of a painful and somewhat serious character. A physician, who made an examination of the plaintiff the following morning, testified that there was a deep cut over the left eye, extending through the tissues to the bone, and about 1½ inches long; another injury below the left eye, also extending to the bone, and about an inch long; another cut just below, extending into the lower eyelid, and so that the eye was swollen shut, and the lower lip was torn and cut through to the jaw. The witness also testified that the fifth and sixth ribs were broken where they connect with the breast bone, and that the breast bone was also fractured. The fractures were reduced and bandaged in the ordinary way, the cuts upon the cheek and above and below the left eye were dressed with soft dressings, and four or five stitches were taken in the lip. The physician testified that he dressed the injured parts several times during a period of some weeks after the accident; that at the time of the trial the injuries upon the face had entirely healed, leaving only scars; that the fracture of the ribs had left an enlargement, some adhesion, and tenderness. The doctor also expressed the opinion that the enlargement and tenderness would probably remain and be permanent. The plaintiff testified that after the accident he ran after and caught his team, drove them home, and cared for them; that all the injuries described by the physician were the result of the accident; that he had suffered pain in his left side ever since the injury, and to such an extent that he could not lift heavy weights; that he was confined to the house for a month or more; that he did no work during the winter months except to drive his team.

Upon all the evidence, it was, concededly, for the jury to determine: (1) Was the defendant guilty of negligence which caused the accident? (2) Was the plaintiff free from contributory negligence? and (3) What was the extent of the plaintiff's injuries, and the amount of damages sustained by him in consequence thereof?

Those questions were all answered favorably to the plaintiff, and the jury awarded damages in the sum of $1,200. Their verdict

should stand, unless some error prejudicial to the defendant was committed by the learned trial justice in the conduct of the trial. I cannot concur in the conclusion reached by the majority of the court, that the verdict of the jury in this case was excessive. Each of the issues was equally stubbornly litigated upon the trial. Upon the question of damages, the defendant insisted that the plaintiff's injuries were not all the result of the accident, that they were greatly exaggerated, and that, at most, they were of a trivial and temporary character. The jury had the right to disregard the defendant's contention in that regard, and to accept the version of the plaintiff and his physician, and make it the basis of their verdict, and to award a reasonable sum as compensation for the injuries which they believed the plaintiff had sustained. Unless it can be said that the amount of the verdict was reached as the result of prejudice or improper motives, or of erroneous instructions given by the trial judge as to the measure of damages, such verdict should be regarded as final. There is no suggestion that the verdict was the result of prejudice or improper influence on the part of the jury, and I cannot assent to the proposition that the size of the verdict in this case in and of itself indicates that it is excessive. We think it ought not to be said, at least by an appellate court, that $1,200 is too large a sum for injuries consisting of two broken ribs, which caused pain for weeks, and a permanent enlargement of the parts; for four cuts upon the face, extending through the tissues to the bone, and each from an inch to an inch and a half in length, all of which left scars; and all of which injuries were sufficient to confine the injured party to the house for at least a month. I have been unable to find any case in which it has been held that for such injuries, attended with such results, a verdict of $1,200 was excessive; but, on the contrary, many cases may be found, decided by the higher courts, in which verdicts for even larger sums, awarded for injuries less severe than those sustained by the plaintiff, have been upheld and approved. The rule is well settled that the verdict of a jury in assessing damages for personal injuries will not be set aside as excessive, unless it is so disproportionate to the injuries sustained as to evince passion, prejudice, or partiality on the part of the jury. Hempenstall v. Railroad Co., 82 Hun, 285, 31 N. Y. Supp. 479; Hayden v. Platt, 84 Hun, 488, 32 N. Y. Supp. 1144; McCooey v. Railroad Co., 79 Hun, 255, 29 N. Y. Supp. 368; Kitchell v. Railroad Co., 10 Misc. Rep. 277, 30 N. Y. Supp. 1079.

We think, however, that the judgment in this case should be reversed, and a new trial granted, but solely upon the ground that the learned trial justice committed error prejudicial to the defendant in charging the jury as to the measure of damages.

First, it should be said that there is no allegation in the complaint that the plaintiff lost any time; that he was prevented from laboring, or that his earning capacity was in any sense impaired, by reason of the injuries which he sustained; and no damages are demanded on account thereof. The only allegation as to damages contained in the complaint is as follows, viz. "thereby causing plaintiff serious bodily injuries and much bodily suffering, to his damage

of three thousand dollars." Neither did the plaintiff seek upon the trial to prove the value of his time, of his services, or of his earning capacity. There is not a word of evidence tending in the slightest degree to show what employment the plaintiff intended to follow after the accident and during the winter, if any,—whether he intended or desired to labor or not, or whether he had any occupation or business to pursue; and there is no proof as to what he had earned at any time in his life prior to the accident, or what he was capable of earning, or what he could have earned or was capable of earning in the future, except for the injuries which he had sustained. It simply appears that the plaintiff was a boatman, but it will be remembered that at the time of the accident navigation had closed, his boat was tied up for the winter, he had put his team in winter quarters, and, so far as appears, his labors were absolutely at an end, at least until the opening of navigation. The plaintiff's proof was entirely consistent with his complaint. He did not allege loss of time, loss of service, or loss of earning capacity, and he did not, and did not seek to, make proof of the same. Such being the pleadings and the state of the proof, at the close of the evidence the trial justice, in his charge to the jury, after stating with great clearness the rules which the jury should observe in determining whether the defendant was guilty of actionable negligence, and whether the plaintiff was free from contributory negligence, said:

"If you find that the plaintiff is entitled to recover, then you will come to the question of damages; and that means a fair compensation for the pain and suffering which he has endured, for loss of earning capacity up to the date of this trial, and for such future suffering and loss of earning capacity which you believe the testimony establishes to a moral certainty. Remember the damages are merely compensatory here. Nothing punitive; nothing in the nature of smart money. Simply a fair, reasonable compensation is all the law permits."

At the close of the charge the defendant's counsel said:

"I desire to except to what your honor has said to the jury on the subject of the plaintiff's right to recover for loss of services. By the Court: I did not say 'services',—'loss of earning capacity.' By Defendant's Counsel: Well, 'loss of earning capacity.' I desire to except to that; and I ask the court to charge the jury that there was no evidence in this case that the plaintiff had any earning capacity. By the Court: Denied. By Defendant's Counsel: Give me an exception. I ask the court to charge the jury that there is no evidence in this case that the plaintiff earned any amount per day. By the Court: I so charge that. By Defendant's Counsel: Then I ask the other proposition. By the Court: No; it appears that he had been engaged in business. By Defendant's Counsel: Yes, sir; but that is another proposition. Give me an exception to the refusal to charge."

Thus it will be seen that the jury were instructed, without qualification, that they were at liberty to award damages to the plaintiff "for loss of earning capacity up to the date of this trial," and for loss of "such earning capacity" in the future as they believed the testimony established. The proposition as charged was duly excepted to, and the court was then asked to charge the jury that there was "no evidence in the case that the plaintiff had any earning capacity." The request was denied, and an exception duly taken.

63 N.Y.S.—3

We think the charge was clearly erroneous; that the error was prejudicial to the defendant; that it was duly and properly excepted to; and that the error is available to the defendant, notwithstanding he did not ask that a recovery for the loss of earning capacity be limited to nominal damages, as it is insisted by plaintiff's counsel he should have done. "Loss of earning capacity," when used as here, must be deemed to mean the same as loss of capacity to earn, loss of services, loss of time. The rule is well settled that unless proof is made as to the value of the services of the person injured through the negligence of another, or some evidence given from which it can be determined with reasonable certainty what such person would have earned except for such injury, no damages can be recovered for loss of earning capacity. In Leeds v. Gaslight Co., 90 N. Y. 26, it appeared that the plaintiff was unable to attend to business since the injury, but it was not shown what his business was, or the value of his time, or any facts as to his occupation, from which the value could be estimated; and the jury were instructed that the plaintiff was "entitled to recover compensation for the time lost in consequence of confinement to the house, or in consequence of his disability to labor from the injury sustained." The charge was held to be erroneous, as the jury were left to guess or speculate upon the value of the time lost, without any basis for the judgment to rest upon. In that case the defendant's counsel excepted to the charge as made, upon the ground "that there was no evidence of the value of plaintiff's time." The court held that the exception was sufficient to present the error for review. In delivering the opinion of the court, Judge Finch says:

"The court had charged, in a case where no value of lost time had been shown, and no facts on which an estimate of such value could be founded, that compensation for such lost time could be awarded by the jury. The exception was aimed at that precise proposition, and the ground upon which it was claimed to be erroneous was definitely pointed out."

The error was pointed out in that case precisely as in the case at bar, by calling attention to the fact that there was no proof of the value of plaintiff's services. In that case the defendant's counsel said nothing about nominal damages, did not ask to have the recovery limited to that, and, notwithstanding, the court held that the error complained of was available.

In Page v. Canal Co., 34 App. Div. 618, 54 N. Y. Supp. 442, which was an action for negligence, the trial judge charged:

"If injured upon that occasion, it is your duty to award to him (the plaintiff) a sum sufficient to compensate him for proper and necessary medical expenses from the time he was injured until the present time, and, if you believe from the evidence that there is a reasonable certainty that he will require medical attendance in the future, to compensate him for that prospective future expense."

To this charge the defendant's counsel excepted, and, in connection with the exception taken, asked the judge to charge as follows:

"That there can be no recovery for medical attendance in the past or in the future without some evidence as to what the medical attendance was, and the amount of it."

The request was refused, and the defendant excepted. It was held that there was no proof as to the value of the medical attendance or of its character, and that the charge was erroneous; that the error was available to the defendant upon review, although nothing was said in the exception or in the request to charge about nominal damages.

In the case of Staal v. Railroad Co., 107 N. Y. 625, 13 N. E. 624, the only question presented was as to the charge of the court in relation to the question of damages. The trial judge charged as follows:

"That the plaintiff is entitled to recover, as damages in this action, compensation—First, for the pain and suffering that he has encountered; second, as this injury is to some extent, at least, permanent, he is entitled to compensation for the results which will flow in the future from this injury,—that is, for any suffering and inconvenience he will have in life resulting from this injury, and for pecuniary loss on account of the injury caused by the diminution in his ability to earn a livelihood. There is no hard rule to be laid down to you in this case. You must say, under all the circumstances, considering what pain he has suffered, what his loss has been in his circumstances in life, the chances of what money he would make, and his age, considering the injury and the results of that injury, what would be a fair compensation. All that is left to the good sense of the jury."

Defendant's counsel excepted to the charge as follows:

"To that part of your honor's charge in which you say that the jury may allow him his pecuniary losses resulting from his disabilities owing to this accident."

And he requested the court to charge that:

"The jury should take into consideration the great age of the plaintiff, as affecting future continuance of life."

The judge replied:

"I charge that; and I will say further, that in this case there is no proof of loss shown by what his income was up to that time. What the court, therefore, told you as to pecuniary losses was in connection with the future."

To that the defendant's counsel excepted, and requested the judge to charge that the jury could not make "further allowance to the plaintiff for expenses of treatment or care for the past or future." In reference to this request the judge said:

"I charge that for the past. For future expenses the jury have a right to consider the expenses of this injury, if they find this renders the plaintiff to any extent helpless, and also to consider to what expenditures, to make him comfortable, he will have to go."

And to that the defendant's counsel excepted. The court of appeals, in passing upon that charge and the effect of the exception taken to it, says:

"This is the entire charge relating to the damages, and, that it may be appreciated, it must be stated that immediately after the injury the plaintiff was taken to a charity hospital, where he remained about three months; that he then went to another charity hospital, where he remained several months; and that he then went to the county almshouse, where he remained until the time of the trial, not having at any time been subjected to any personal expenses. There was proof that the plaintiff was a fresco painter, and that for some time before his injuries he had been employed by a person who was engaged in the business of painting. No special damages, and no pecuniary losses, past

or future, were alleged in the complaint. There was no proof whatever as to the plaintiff's circumstances in life, except that before the injury his general health was good. There was no proof touching his age, habits, capacity, ability to work, skill in his trade, his wages, or his earnings, or the compensation he was able to earn, or his chances of getting work. There was not even any proof that he had earned, or that he was able to earn, a livelihood."

Upon that proof the court of appeals held that the charge was erroneous, and that the rule laid down was in conflict with the decision in Leeds v. Gaslight Co., 90 N. Y. 26, and there was no suggestion in that case that the error was cured, or that it was not available to the defendant, because defendant's counsel had failed to request that only nominal damages might be recovered, and the broad rule was again reiterated: "Before damages for future pecuniary loss can be awarded, there should be some proof such as a party can always give of his circumstances and condition in life, his earning power, skill, and capacity." Wood v. City of Watertown, 58 Hun, 298, 11 N. Y. Supp. 864; Munk v. Same, 67 Hun, 261, 22 N. Y. Supp. 227, opinion by Martin, J.

The instructions to the jury by the learned trial justice as to the damages the plaintiff was entitled to recover were clearly erroneous, and it cannot be said that they were not prejudicial to the defendant. "The reception of illegal evidence is presumptively injurious to the party objecting to its admission, but when the presumption is repelled, and it is clearly beyond rational doubt that no harm was done to the party objecting, and that the illegal evidence did not and could not affect the result, that error furnishes no ground for reversal." Anderson v. Railroad Co., 54 N. Y. 334, 341. We think, under the facts and circumstances disclosed by the evidence in this case, it cannot be said that "it is clearly beyond rational doubt that the illegal evidence did not and could not affect the result."

It follows that for the error committed by the learned trial justice in charging the jury as to the measure of damages the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.